## JONES *against* ROCKEYFELLER.

The act of Assembly of the 28th March, 1814, directs the Pay-master to keep an account of moneys received and paid by him, and to pay over any balance which may remain in his hands, to such person as the Brigade Inspector shall direct: *Held*, that the Brigade Inspector may, himself, sustain an action for the balance against the Pay-master, and the book of accounts kept by him, is evidence of such balance.

Error to *Northumberland* county.

This was an action on the case brought by *John Jones*, a Brigade Inspector, against *Jacob Rockeyfeller*, Pay-master: upon the trial of which, the plaintiff offered in evidence, a book of accounts between *Jacob Rockeyfeller* Pay-master, and the Brigade Inspector, and which, it was admitted, was in the hand writing of the defendant. This evidence was objected to, mainly, upon the ground, that the plaintiff had not first shown, that he had accounted to the government for this money, which he had given to the Pay-master; and it being public money, the Pay-master was accountable to the State for it, but not to the plaintiff. On the other side it was contended, that the act of 28th March, 1814, Sec. 18 *Pam. Laws*, 333, enjoined it as a duty incumbent upon the Paymaster, to keep a book of accounts; and "to account to such person, as the Brigade Inspector shall direct," for any balance which may remain in his hands: and that the book thus kept, was the one offered in evidence.

The Court over-ruled the evidence, and sealed a bill of exceptions; and the same question was here argued by:

*Bellas*, for plaintiff in error,

*Greenough*, for defendant in error,

(Jones *v.* Rockeyfeller.)

The opinion of the Court was delivered by

Huston, J.—In the book offered in evidence, and in the recepts, *Rockeyfeller* states that the moneys were received by him as Pay-master, from *Jones* as Brigade Inspector. The act of 28th March, 1814, § XVIII, among other things, states that when militia are prepared to march to the place of rendezvous, for actual service, the Brigade Inspector shall advance money, to supply such detach-ments on their march, to the Pay-master, who shall keep an exact account of his expenditures, and pay over the balance as the Bri-gade Inspector shall direct.—The account directed, was kept in the book offered in evidence, which is all in the hand writing of the defendant—and it shows a balance of money in his hands.

But it is contended, that the Brigade Inspector must give an order to some other person, to receive this money, that he can not direct it to be paid to himself;—can not sue for and recover it:—that the Commonwealth could sue and therefore the Brigade Inspec-tor can not; and that the Brigade Inspector must show that he has settled with the Commonwealth, and paid over this money, or that he can not recover it.

The duties of a Brigade Inspector are very various; he has by law to collect much money, and to expend much, and must account for all received. He gives bond with sureties to do so; nay, he must account for what he was bound to collect, or could have collected and neglected to collect. Whether, if he is insolvent as well as his sureties, and it should appear that money which he ought to have collected, may still be received, the Commonwealth can sue for and recover it, need not be inquired into.—It is enough that by the law he is bound to collect it:—to apply much of what he col-lects in current expenses, and that it is not contemplated by any law, that he shall pay money out of his own funds:—and that he is to account with the Auditor General and State Treasurer at the seat of Government, once in each year; and is not bound to settle his account before the present defendant or the court of any coun-ty in the State; neither the Common Pleas of the county, nor the different persons from whom he is to collect money, have any power or any means of settling his accounts, nor are they appoint-ed to see that his proceedings are closed annually. It would stop the whole of his duties, disable him to act in every case, if what was asked here should be sanctioned. The law has directed that he shall collect money and apply it, and after taking surety from him, intrusts him to do so; and also directs when and how he shall settle. That he cannot order the money to be paid to himself, and sue for it, does not require a serious answer.

The act expressly empowers *Jones* to collect moneys, and this

(Jones *v.* Rockeyfeller.)

among others, and makes him and his sureties liable for his neglect, as well as for his not paying over what he has collected. The book was in/every point of view evidence.

Judgment reversed and *venire de novo* awarded.